IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01097-BNB

LILLIAN GALVAN, a.k.a. LILIAN GALVAN,

Applicant,

v.

UNITED STATES OF AMERICA,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 18 2008

GREGORY C. LANGHAM
                     CLERK

## ORDER OF DISMISSAL

Lillian Galvan, a.k.a. Lilian Galvan, a federal prisoner currently housed at a Federal Correctional Camp in Adelanto, California, initiated the instant action by filing a Petition for Writ of Habeas Corpus by a Person in Federal Custody. Magistrate Judge Boyd N. Boland determined that Ms. Galvan had failed to use a Court-approved form in presenting her claims and instructed her to cure the deficiency by submitting her claims on a current Court-approved form that is used in this Court to present 28 U.S.C. § 2241 claims. On June 9, 2008, Ms. Galvan complied and submitted a Court-approved § 2241 application form.

The Court must construe the Application liberally because Ms. Galvan is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Upon review of the Application, the Court finds that Ms. Galvan has submitted the Application on behalf of her husband, Mr. Humberto Galvan. Even if the Court were

to consider allowing "next friend" standing in the instant Application, Ms. Galvan does not meet all the requirements. To be allowed "next friend" standing a person must set forth some reason or explanation for the necessity of having to use a next friend. *See* ***Whitmore v. Arkansas***, 495 U.S. 149, 163-64 (1990); ***Weber v. Garza***, 570 F.2d 511, 513-14 (5th Cir. 1978). Also, the next friend must be truly dedicated to the best interest of the person on whose behalf she seeks to litigate. ***Whitmore***, 495 U.S. at 163-64; ***Hays v. Murphy***, 663 F.2d 1004, 1008-09 (10th Cir. 1981).

Although Ms. Galvan may meet the requirements in part, as she truly may be dedicated to the best interest of her husband, she may not file an application for writ of habeas corpus on behalf of her husband if he is able to file the application. ***Wilson v. Lane***, 870 F.2d 1250, 1253 (7th Cir. 1989), *cert. denied*, 495 U.S. 923 (1990).

Ms. Galvan fails to set forth an adequate reason or explanation of the necessity for having to resort to the "next friend" device. She fails to assert any reason why her husband is not able to appear and prosecute the Application on his own behalf. Therefore, this Court is without jurisdiction to consider the Application, and the action will be dismissed. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this 17 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01097-BNB

Lillian Galvan aka Lilian Galvan
Reg. No. 32894-013
Federal Corrections Camp
PO Box 5100
Adelanto, CA 92301

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/18/8

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk